UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tara Brown,

    Plaintiff,

v.

Abubakar Atiq Durrani, *et al.*,

    Defendants.

Case No. 1:18cv785

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon the Motion for Summary Judgment filed by Defendants, Abubakar Atiq Durrani, M.D. ("Durrani") and Center for Advanced Spine Technologies, Inc. ("CAST"). (Doc. 20). Plaintiff filed a Response in Opposition. (Doc. 26). Defendants filed a Reply. (Doc. 27). Plaintiff then filed a Notice of Filing of Supplemental Authority. (Doc. 28). The parties agreed to a briefing schedule for the issue raised in Plaintiff's Supplemental Authority. (Doc. 33). Accordingly, Defendants filed a Supplemental Brief to their Motion for Summary Judgment (Doc. 35); and Plaintiff filed a Response (Doc. 37). While the parties' briefing schedule permitted the filing of a reply by Defendants, no reply was filed.

### I.    BACKGROUND

Durrani performed spine surgery on Plaintiff on October 5, 2011. (Doc. 1, ¶ 19). Plaintiff claims that the surgery was negligent, unnecessary and fraudulent. Plaintiff maintains that CAST is vicariously liable for the harm caused by Durrani because Durrani was employed by CAST. (Doc. 1, ¶ 867).

On October 26, 2015, Plaintiff filed her original complaint against Durrani in the

Hamilton County Court of Common Pleas.  On December 11, 2017, Plaintiff voluntarily dismissed her claims under Ohio Rule of Civil Procedure 41(A).  Plaintiff then refiled her claims in this Court on November 13, 2018.  (Doc. 1).  Plaintiff brings the following claims against Durrani: (1) negligence; (2) battery; (3) lack of informed consent; (4) intentional infliction of emotional distress; (5) fraud; and (6) spoliation of evidence.  Plaintiff brings the following claims against CAST: (1) vicarious liability; (2) negligent hiring, retention and supervision; (3) fraud; and (4) violation of the Ohio Consumer Sales Protection Act.

Defendants previously filed a motion for judgment on the pleadings in which they argued that Plaintiff's claims are barred by Ohio's medical malpractice statute of repose, Ohio Revised Code § 2305.113(C).  This Court denied the motion and held that Ohio's savings statute, Ohio Revised Code § 2305.19(A), applied to save Plaintiff's claims.  (Doc. 18, PAGEID 258) (citing *Atwood v. UC Health*, Case No. 1:16cv593, Doc. 568, PAGEID# 22840, 2018 WL 3956766, *8 (S.D. Ohio Aug. 17, 2018)).  However, subsequently, in *Wilson v. Durrani*, 2020 WL 7636010, 2020-Ohio-6827 (Ohio Dec. 23, 2020), the Supreme Court of Ohio ruled that the savings statute does not save medical claims when the statute of repose applies.

Defendants maintain that in light of *Wilson*, Plaintiff's claim is barred by the statute of repose.[1]  Plaintiff responds that Ohio's flight statute, Ohio Revised Code § 2305.15, tolls time periods under the statute of repose when a defendant is out of the state, absconds, or conceals himself/herself.  Plaintiff explains that Durrani fled to Pakistan in November 2013 and he has not returned to Ohio since that time.  Defendants have not

---

[1]Defendants' motion was filed as one for summary judgment, but in the supplemental brief, Defendants request reconsideration of this Court's earlier ruling on the motion for judgment on the pleadings.  (Doc. 35).

2

presented any evidence to the contrary. Therefore, according to Plaintiff, the statute of repose has been tolled since Durrani departed from Ohio in 2013, and remains tolled until this day.

## II. ANALYSIS

### A. Summary judgment standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In reviewing a summary judgment motion, courts are required to view the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)).

### B. Ohio's statute of repose

Ohio's statute of repose provides that "[n]o action upon a medical . . . claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical . . . claim." Ohio Rev. Code § 2305.113(C)(1). As this Court has explained: "A statute of repose bars 'any suit that is brought after a specified time since the defendant acted ... even if this period ends before the plaintiff has

suffered a resulting injury.'" *Atwood*, 2018 WL 3956766, at *2 (quoting *Antoon v. Cleveland Clinic Found.*, 148 Ohio St. 3d 483, 486–87 (Ohio 2016)).

Plaintiff argues that the statute of repose has been tolled since the day Durrani fled the country in November 2013. Plaintiff relies on Ohio Revised Code § 2305.15(A), which states:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

This Court has had the opportunity to address Plaintiff's argument in a case involving a medical claim brought by another former patient of Durrani. In *Landrum v. Durrani*, this Court held that Ohio Revised Code § 2305.15(A) tolls the limitations period contained in Ohio Revised Code 2305.113(C). Case No. 1:18-cv-807, 2020 WL 3512808 at *4 (S.D. Ohio Mar. 25, 2020) (Dlott, J.). Other decisions from this Court in similar litigation against Durrani have reached the same conclusion. *Stidham v. Durrani*, Case No. 1:18-CV-810, 2021 WL 2013024, at *4 (S.D. Ohio May 19, 2021) (Black, J.); *Mahlenkamp v. Durrani*, Case No. 1:18-cv-817, 2021 WL 2012939 at *3 (S.D. Ohio May 19, 2021) (Black, J.); *Sterling v. Durrani*, Case No. 1:18-cv-802, 2021 WL 2013012 at *3 (S.D. Ohio May 19, 2021) (Black, J.); *Powers v. Durrani*, Case No. 1:18-cv-788, 2020 WL 5526401 at *1 (S.D. Ohio Sep. 15, 2020) (McFarland, J.). In addition, the Sixth Circuit has upheld § 2305.15(A) as constitutional when applied to toll the one-year statute of limitations in Ohio Revised Code § 2305.113(A). *See Garber v. Menendez*, 888 F.3d

4

839, 840 (6th Cir. 2018) (explaining that "[t]he clock stopped when Dr. Menendez left Ohio for Florida and stayed stopped when he chose to retire there"), *cert. denied*, 139 S. Ct. 1261 (2019).

Therefore, the statute of repose is tolled during the time Durrani was "out of the state, has absconded, or conceal[ed] [him]self." Because less than four years elapsed between Plaintiff's October 5, 2011 surgery and Durrani's November 2013 flight, the statute of repose does not time-bar Plaintiff's medical claims against Durrani.

Plaintiff argues that statute of repose is also tolled as to CAST because Durrani's flight from Ohio is attributable to CAST as his employer. (Doc. 37, PAGEID 469) (citing *Tausch v. Riverview Health Inst.*, 187 Ohio App. 3d 173, 182, 931 N.E.2d 613, 620 (Ohio Ct. App. 2010)). However, this Court already rejected this same argument in *Landrum*. On a motion for reconsideration, this Court concluded that Durrani's flight does not toll the statute of repose as applied to CAST. As this Court explained:

> Plaintiff argues that, because Durrani's abscondment to Pakistan tolled the statute of repose as to Durrani, the statute of repose should also be tolled for Plaintiff's vicarious liability claim against CAST. In support of this claim, Plaintiff cites *Tausch v. Riverview Health Institute*, 187 Ohio App. 3d 173, 2010-Ohio-502, 931 N.E.2d 613. The court in *Tausch* concluded that when a statute of limitations is tolled for a doctor, related vicarious liability claims are also tolled. However, the court limited its ruling to tolling due to a continuing relationship with the physician. The court reasoned in *Tausch* that it would be unreasonable to require a plaintiff to commence a suit against a hospital alleging negligence by a physician while still being treated by that physician. This reasoning applies only to tolling due to a continuing patient-physician relationship. Therefore, as that case is inapposite here, the Court again concludes that the statute of repose bars Plaintiff's claims against CAST.

*Landrum v. Durrani*, Case No. 1:18-CV-807, 2020 WL 3501399, at *4 (S.D. Ohio June 29, 2020); *see also Luse v. Durrani*, Case No. 1:18-CV-851, 2021 WL 2012937, at *3 (S.D. Ohio May 19, 2021) (rejecting argument that Durrani's flight tolls the statute of

5

repose for the hospital where the plaintiff's surgery was performed). Similarly, in this case, the reasoning of *Tausch* does not apply. Therefore, Plaintiff's claim for vicarious liability against CAST is DISMISSED. However, all other claims against CAST remain pending.[2]

III. **CONCLUSION**

Based on the foregoing, Defendants' Motion for Summary Judgment (Doc. 20) is **GRANTED in PART** and **DENIED in PART**. Plaintiff's claim for vicarious liability against Defendant CAST is **DISMISSED** but Defendants' Motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

                                      */s/ Michael R. Barrett*
                                 JUDGE MICHAEL R. BARRETT

---

[2] This Court has previously concluded that Plaintiff's claims for negligent hiring, retention and supervision, fraud and violation of the Ohio Consumer Sales Protection Act are "medical claims" within the meaning of meaning of § 2305.113(C). *See Stidham v. Durrani*, No. 1:18-CV-810, 2021 WL 2013024, at *4 (S.D. Ohio May 19, 2021) (citing *Landrum*, 2020 WL 3512808 at *5); *Levandofsky v. Durrani*, No. 1:18-CV-809, 2020 WL 5535872, at *5 (S.D. Ohio Feb. 26, 2020), *report and recommendation adopted*, No. 1:18-CV-809, 2020 WL 5531396 (S.D. Ohio Sept. 15, 2020). However, Defendants have not made that argument here, so the Court will not address it at this time.