UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tara Brown,

    Plaintiff,

v.

Abubakar Atiq Durrani, *et al*.,

    Defendants.

Case No. 1:18cv785

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon the Motion in Limine filed by Defendants, Abubakar Atiq Durrani, M.D. ("Durrani") and Center for Advanced Spine Technologies, Inc. ("CAST"). (Doc. 54). The Court indicated its rulings in open court on January 24, 2022 and January 26, 2022. This Order serves to memorialize those rulings.

With regard to mentioning Durrani's 2013 indictment to the jury, Defendants' Motion is **DENIED**. Out of concern for a juror conducting independent research upon hearing Durrani's name, the Court instructed the prospective jurors as follows:

> This a civil case alleging medical malpractice, it is not a criminal case. Due to some media coverage from time to time, I am advising you that Dr. Durrani was indicted on August 7, 2013 on various counts alleging criminal conduct. An Indictment is not considered evidence, it is merely the charging document that notifies a defendant of the allegations against him. Dr. Durrani is presumed innocent of the charges unless and until a criminal jury would find him guilty. Sometime after the Indictment, Dr. Durrani left the jurisdiction of this Court for Pakistan. You are not to consider the Indictment for any purpose whatsoever. As he has left the jurisdiction of this Court, he has removed himself from the Plaintiff's subpoena ability. It is my understanding that he will not appear in person or remotely for this case and therefore will not testify. You are to draw no conclusions from this alone, but may consider the absence of his testimony in light of the other evidence and testimony presented in Court. If an additional instruction is appropriate, it will be given at the end of the case.

With regard to Durrani's absence during trial, Defendants' Motion is **DENIED**. The Court intends to instruct the jury using an instruction substantially similar to the instruction previously used by this Court in a related case, *Atwood v. UC Health*, Case No. 1:16cv593. This instruction was as follows:

> Under our system of criminal justice, Dr. Durrani is presumed innocent unless and until a criminal jury would unanimously find him guilty. Therefore, you are not to consider the pending charges for any purpose in this case. As you know, Dr. Durrani was not physically present in court, nor did he submit video testimony as to Mr. Atwood or Ms. Hickey's treatment. While his actions before and as a result of the Indictment are not for your consideration, there is a different instruction as to his absence and non-participation in this case. Dr. Durrani has voluntarily left the jurisdiction, removing himself from Plaintiffs' ability to subpoena him to trial.
>
> The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case. However, when a party, such as Dr. Durrani, has relevant evidence or testimony within its control that the party failed to produce, that failure gives rise to an inference that the evidence or testimony is unfavorable to that party.

With regard to Durrani's medical licenses being revoked, Defendants' Motion is **GRANTED**.

With regard to trying two medical malpractice cases together, Defendants' Motion is **DENIED**. The Court previously ruled that consolidation is appropriate pursuant to Federal Rule of Civil Procedure 42(a) because these cases involve common questions of law and fact, and any prejudice to the parties, including potential confusion of the issues, would be minimal if the cases were to be consolidated for trial. (Doc. 44).

With regard to hearsay contained in the depositions of Dr. Zeshan Tayeb (see Docs. 46, 47), the Court has provided a preliminary ruling to the parties which will be made into a final ruling once the Court has reviewed the counter designations to be

submitted by Defendants. However, to the extent that Defendants object to the instances of hearsay, Defendants Motion is **GRANTED**.

With regard to the testimony of Plaintiff's expert witness, Dr. Keith Wilkey, M.D., Defendants' Motion is **DENIED**. As the Court explained in its oral ruling, the delay occasioned by the COVID-19 pandemic serves as an exception to the rule set forth in *Johnson v. Abdullah*, 2021 WL 4301159 (Ohio Sept. 22, 2021).

Finally, with regard to discovery concerning settlements between Plaintiffs and other entities, Defendants' Motion is **DENIED**.

Accordingly, it is hereby **ORDERED** that Defendants' Motion in Limine (Doc. 54) is **GRANTED in PART and DENIED in PART**.

**IT IS SO ORDERED.**

                                             */s/ Michael R. Barrettt*
                                             JUDGE MICHAEL R. BARRETT